IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CINDY G. HOWARD<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON<br><br>Defendant<br><br>Serve Defendant by service on:<br>Chlora Lindley-Myers, Director<br>Department of Insurance, State of MO<br>301 West High Street<br>Jefferson City, MO 65101<br>(573) 751-4126 | ) | Case No.: 21-4051 |

COMPLAINT

COMES NOW, the Plaintiff by her attorney and for her complaint against the above named Defendant states:

1. The above-captioned Court has jurisdiction to review the denial by Defendant Lincoln Life Assurance Company of Boston of Plaintiff's claim for long term disability benefits under the terms of a long term disability insurance policy issued by Defendant Lincoln Life Assurance Company of Boston to the Plaintiff's employer, Wal-Mart, Inc., and providing long term disability insurance coverage to Plaintiff as a benefit of her employment, upon the bringing of a civil action regardless of the amount in controversy or the citizenship of the parties pursuant to the Employee's Retirement Income Security Act of 1974 (ERISA), as amended [29 U.S.C. Section 1132(a)(B)(f)].

2. That at all times herein mentioned, Plaintiff was and now is a resident of Camden County, in the State of Missouri, and was from January 2, 1992 through December 28, 2017 an employee of Wal-Mart, Inc. in the State of Missouri.

3. That at all times herein mentioned, Defendant Lincoln Life Assurance Company of Boston was a foreign insurance company doing its ordinary insurance business in the Western District of Missouri and subject to service of process by service on the Director of the Department of Insurance, State of Missouri, in Jefferson City, Cole County, Missouri and thus venue is proper in the Western District of Missouri under 29 U.S.C. Section 1132(e)(II).

4. That in consideration of the premiums provided therein, Defendant Lincoln Life Assurance Company of Boston issued a policy of long term disability insurance and short term disability insurance designated by Defendant as Policy No.: GD/GF3-850-290765-01, and that Plaintiff's claim has been designated by Defendant as Claim No. 8115624 and that this insurance policy is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. Section 1002 and that Plaintiff was entitled to, as a benefit of her employment, gross disability benefits in the amount of 50% of her basic monthly earnings of $3,416.28 per month, i.e. $1,708.14 per month and that Plaintiff met the definition of disability under the long term disability policy as of December 29, 2017, and thus Plaintiff was entitled to a gross monthly disability benefit in the amount of $1,708.14 beginning July 7, 2018, and that Plaintiff has applied for Social Security disability benefits and has been found to be disabled as of January 2, 2018, and thus entitled to disability benefits in the amount of $1,395.00 per month and that under the terms of the disability insurance policy Plaintiff's gross monthly benefit of $1,708.14 is

reduced by the amount of the Social Security disability benefit of $1,395.00, thus Plaintiff has been entitled to a net monthly benefit from Defendant in the amount of $313.14 commencing July 7, 2018.

5. That Defendant has paid to Plaintiff a net benefit of $313.14 from July 7, 2018 through July 6, 2020, but not thereafter.

6. That Plaintiff has continued to meet the definition of disability as set out in the policy of insurance in that Plaintiff has been unable to perform any occupation from July 7, 2020 through the present and that, thus Plaintiff is entitled to receive a net disability benefit in the amount of $313.14 per month until she reaches her full retirement age of 67 on August 16, 2029.

7. That Plaintiff's assertion that she was unable to perform "any occupation" as that term is defined in the policy is supported by the report of treating Nurse Practitioner Young, who opined that Plaintiff had been diagnosed with Guillain-Barre Syndrome, spent approximately one month in a rehabilitation facility, and continued to suffer from neuropathic pain, fatigue, numbness in her lower extremities and risk of falling, yet in its denial of Plaintiff's claim for continuing benefits after July 7, 2020 Defendant concluded that Plaintiff was able to "push/pull 25 pounds frequently, 35 pounds occasionally, and 50 pounds rarely" with few other restrictions and did not make any finding as to Nurse Practitioner Young's conclusion of pain, fatigue and numbness and thus the Defendant has not stated the specific reasons for denying Plaintiff's claim as required by 29 USC 1133(I).

8. That at the time of its initial denial of Plaintiff's claim for benefits after July 7, 2020, Defendant stated to Plaintiff that Plaintiff could appeal said denial and should

provide “additional comments, documents, records, or other information which you would like considered…”; and that in response to the invitation of Defendant Plaintiff provided statements by persons who observed Plaintiff on a regular basis and that said persons stated inter alia that Plaintiff was “exhausted all the time” and that in its final denial of Plaintiff’s claim Defendant failed to acknowledge or evaluate in any way the statements of persons who had observed Plaintiff’s symptoms and thus, Defendant has failed to take into account all comments, documents, records and other information submitted by the Plaintiff relating to the claim, and thus, Defendant in denying Plaintiff’s claim has failed to comply with applicable regulations as set out in 29 CFR Section 2560.503-1(h)(2)(iv)

9. That Plaintiff was informed by Defendant after the initial denial of her claim for long term disability benefits that she could provide updated medical information from her treating providers, however Defendant did not inform Plaintiff that this medical information must state specific restrictions in order to be vocationally relevant and because of said failure the Defendant has failed to provide a full and fair review of Plaintiff’s claim for long term disability benefits as required by 29 USC 1133(II).

10. That this Court must review the denial of Plaintiff’s claim for long term disability benefits using a de novo standard in that the Employee Benefit Plan referenced herein does not provide the Plan Administrator or Claims Administrator with discretion in interpreting the terms of the Plan and evaluating the evidence; and that granting to an insurer discretion in evaluating claims for long term disability benefits would not be allowed under Arkansas law and the Plan herein specifically states that the Plan shall be subject to the laws of that state.

11. That Plaintiff is entitled to recover from Defendant the amount incurred for attorney's fees and costs in pursuit of this action under 29 USC Section 1132(g)(I).

WHEREFORE, Plaintiff moves this Court to order Defendant, Lincoln Life Assurance Company of Boston, to award benefits under the policy of insurance designated above and to award to Plaintiff reasonable attorney's fees incurred in the pursuit of this action in that Defendant be ordered to pay all arrearages owed to Plaintiff under the long term disability insurance plan reference herein, plus interest and that Defendant be ordered to pay the cost of this action.

HARLAN, STILL & KOCH

/s/Russell C. Still
Russell C. Still
Attorney for Plaintiff
515 Cherry Street, Suite 300
P.O. Box 933
Columbia, MO 65205
573-874-2402
573-443-3354 (fax)
Email: rstill@harlan-still.com
MO Bar No.: 25423