**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISON**

| | | |
|---|---|---|
| **CINDY G. HOWARD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:21cv04051-WJE |
| | ) | |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**LINCOLN LIFE ASSURANCE COMPANY OF**
**BOSTON'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Lincoln Life Assurance Company of Boston ("Lincoln Life") files this, its Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Cindy G. Howard ("Plaintiff"), and states as follows:

1. Lincoln Life admits that it issued a Group Disability Income Policy numbered GD/GF3-850-290765-01 (the "Policy") to Walmart Stores, Inc. ("Walmart"), which, at certain times, insured long-term disability ("LTD") benefits from the LTD component of the Walmart Stores, Inc. Associates' Health and Welfare Plan (the "Plan") sponsored by Walmart to provide LTD benefits to certain of its employees. Lincoln Life admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). Lincoln Life specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln Life. Lincoln Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln Life admits Plaintiff was, at certain times, employed by Walmart. Lincoln Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln Life admits that it is a lawfully incorporated insurance company that lawfully conducts business in the State of Missouri. Lincoln Life admits that it was properly served in this action and that venue is proper in this District and Division. Lincoln Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln Life admits that it issued the Policy to Walmart, which, at certain times, insured LTD benefits from the Plan sponsored by Walmart to provide LTD benefits to certain of its employees. Lincoln Life admits it received a claim for benefits from Plaintiff and that the claim was designated as Claim Number 8115624. Lincoln Life admits that information concerning Plaintiff's earnings and Social Security disability income are reflected in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" and calculation of benefit amounts as applicable to a participant's claim for LTD benefits from the Plan under the Policy, but refers to the Policy itself as the best evidence of its contents. To the extent Plaintiff attempts to interpret the Plan, Lincoln Life refers to the relevant plan documents themselves as the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln Life admits Plaintiff received, at certain times, LTD benefits from the Plan under the Policy. Lincoln Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln Life denies all allegations contained in Paragraph 6 of the Complaint.

7. Lincoln Life admits the Policy includes language pertaining to the definition of "own occupation" and "any occupation" as applicable to a participant's claim for LTD benefits from the Plan under the Policy, but refers to the Policy itself as the best evidence of its contents. Lincoln Life admits it sent a letter to Plaintiff's counsel dated June 25, 2020, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln Life admits it sent a letter to Plaintiff's counsel dated June 25, 2020, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life admits it received a letter from Plaintiff dated September 2, 2020, along with additional documentation, appealing the denial of Plaintiff's claim for further LTD benefits from the Plan, and Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln Life admits it sent a letter to Plaintiff dated November 21, 2020, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life further admits only that its decisions on Plaintiff's claim for LTD benefits from the Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the Plan and that such

decisions are governed by the terms of the Policy. Lincoln Life denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln Life admits it sent a letter to Plaintiff dated June 25, 2020, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. To the extent that the allegations contained in Paragraph 10 constitute legal conclusions, Lincoln Life is not required to respond. To the extent a response is required, Lincoln Life denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln Life admits that by this action, Plaintiff is seeking recovery of LTD benefits from the Plan, along with along with recovery of attorneys' fees and costs, but Lincoln Life denies Plaintiff is entitled to any such relief or recovery. Lincoln Life denies all remaining allegations contained in Paragraph 11 of the Complaint and the WHEREFORE Paragraph thereafter.

Lincoln Life denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for LTD benefits from the Plan under the Policy was an abuse

of discretion because the Policy contains sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln Life is subject to an offset pursuant to the terms of the Policy and the documents governing the Plan, which requires offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration or benefits Plaintiff received from a retirement plan.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln Life reserves the right to assert additional defenses.

## PRAYER

WHEREFORE, having fully answered Plaintiff's Complaint, Lincoln Life moves this Court to dismiss Plaintiff's Complaint with prejudice, award its costs and fees expended herein and for such other and further relief as the Court deems proper.

Respectfully submitted,

By: */s/ Dan S. Folluo*

Dan S. Folluo, MOBAR #66582
dfolluo@rhodesokla.com
RHODES, HIERONYMUS, JONES,
TUCKER & GABLE, P.L.L.C.
P.O. Box 21100
Tulsa, Oklahoma 74121
(918) 582-1173
(918) 592-3390 (facsimile)

- and -

By: */s/ Iwana Rademaekers*

Iwana Rademaekers (Texas Bar No. 16452560)
(*Pro Hac Vice Application Pending*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## **CERTFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 14th day of April 2021 to be served by operation of the Court's electronic filing system upon the following:

Russell C Still, Esq.
Email: rstill@harlan-still.com

*Attorneys for Plaintiff*

*/s/ Dan S. Folluo*
Dan S. Folluo